05 CV 9247

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

ANDREW E. ROTH derivatively on behalf of
PETROHAWK ENERGY CORPORATION,

    Plaintiff,

          v.

PHAWK, LLC, ENCAP ENERGY CAPITAL
FUND IV, L.P., ENCAP ENERGY CAPITAL
FUND IV-B, L.P., ENCAP IV-B ACQUISITIONS,
L.P., ENCAP IV-B ACQUISITIONS GP, LLC,
ENCAP EQUITY FUND IV GP, L.P.,  ENCAP
INVESTMENTS L.P., ENCAP INVESTMENTS
GP, L.L.C., RNBD GP LLC, DAVID B. MILLER,
D. MARTIN PHILLIPS, GARY R. PETERSEN,
ROBERT L. ZORICH, FCW, LLC, FLOYD C.
WILSON, DANIEL A. RIOUX, TUCKER S.
BRIDWELL, JAMES L. IRISH, III and
PETROHAWK ENERGY CORPORATION,

    Defendants.

Civil Action No.

**(*Jury Trial Demanded*)**

FILE COPY

OCT 3 1 2005

## COMPLAINT

        Plaintiff, Andrew E. Roth ("Roth"), by his attorneys, Bragar Wexler Eagel & Morgenstern, P.C. and Ostrager Chong Flaherty & Broitman P.C., complaining of defendants, alleges upon information and belief as to all paragraphs except paragraph 1, as follows:

        1.     Plaintiff Roth is a New York resident who is the owner of Common Stock of Petrohawk Energy Corporation ("Petrohawk" or the "Company").

2.      Petrohawk, a nominal defendant herein, is a Delaware corporation, with its principal place of business at 1100 Louisiana, Suite 4400, Houston, Texas 77002.

3.      Defendant PHAWK, LLC ("PHAWK"), formerly known as Petrohawk Energy, LLC, is a Delaware limited liability company, with its principal place of business at 1100 Louisiana, Suite 4400, Houston, Texas 77002.

4.      Defendant EnCap Energy Capital Fund IV, L.P. ("EnCap IV") is a Texas limited partnership, with its principal place of business at 1100 Louisiana, Suite 3150, Houston, Texas 77002.  At all relevant times, EnCap IV was a principal member of PHAWK and, together with EnCap IV-B and EnCap IV-B Acquisitions, had the right under PHAWK's limited liability company agreement to designate a majority of PHAWK's board of directors.

5.      Defendant EnCap Energy Capital Fund IV-B, L.P. ("EnCap IV-B") is a Texas limited partnership, with its principal place of business at 1100 Louisiana, Suite 3150, Houston, Texas 77002.  At all relevant times, EnCap IV-B or EnCap IV-B Acquisitions (the assignee of EnCap IV-B) was a principal member of PHAWK and, together with EnCap IV, had the right under PHAWK's limited liability company agreement to designate a majority of PHAWK's board of directors.  EnCap IV-B is the sole member of EnCap IV-B GP LLC.

6.      Defendant EnCap IV-B Acquisitions, L.P. ("EnCap IV-B Acquisitions"), is a Texas limited partnership, with its principal place of business at 1100 Louisiana, Suite 3150, Houston, Texas 77002.  At all relevant times, EnCap IV-B Acquisitions or EnCap IV-B (the assignor of EnCap IV-B Acquisitions) was a principal

member of PHAWK and, together with EnCap IV, had the right under PHAWK's limited liability company agreement to designate a majority of PHAWK's board of directors.

7.     Defendant EnCap IV-B Acquisitions GP, LLC ("EnCap IV-B GP LLC") is a Texas limited liability company, with its principal place of business at 1100 Louisiana, Suite 3150, Houston, Texas 77002.  EnCap IV-B GP LLC is the sole general partner of EnCap IV-B Acquisitions.

8.     Defendant EnCap Equity Fund IV GP, L.P. ("EnCap Equity") is a Texas limited partnership, with its principal place of business at 1100 Louisiana, Suite 3150, Houston, Texas 77002.  EnCap Equity is the sole general partner of each of EnCap IV and EnCap IV-B.

9.     Defendant EnCap Investments L.P. ("EnCap Investments") is a Delaware limited partnership, with its principal place of business at 1100 Louisiana, Suite 3150, Houston, Texas 77002.  EnCap Investments is the sole general partner of EnCap Equity.

10.     Defendant EnCap Investments GP, L.L.C. ("EnCap Investments GP") is a Delaware limited company, with its principal place of business at 1100 Louisiana, Suite 3150, Houston, Texas 77002.  EnCap Investments GP is the sole general partner of EnCap Investments.

11.     Defendant RNBD GP LLC ("RNBD") is a Delaware limited company, with its principal place of business at 1100 Louisiana, Suite 3150, Houston, Texas 77002.  RNBD  is the sole member of EnCap Investments GP.

12.     Defendant David B. Miller ("Miller") is a Senior Managing Director of EnCap Investments GP and RNBD and a member of RNBD.  Miller has a

place of business at 3811 Turtle Creek Boulevard, Suite 1080, Dallas, Texas 75219. Miller is a director of the Company and PHAWK and a principal of EnCap Investments.

13. Defendant D. Martin Phillips ("Phillips") is a Senior Managing Director of EnCap Investments GP and RNBD and a member of RNBD. Phillips has a place of business at 1100 Louisiana, Suite 3150, Houston, Texas 77002. Phillips is a director of the Company and PHAWK and a principal of EnCap Investments.

14. Defendant Gary R. Petersen ("Petersen") is a Senior Managing Director of EnCap Investments GP and RNBD and a member of RNBD. Petersen has a place of business at 1100 Louisiana, Suite 3150, Houston, Texas 77002.

15. Defendant Robert L. Zorich ("Zorich") is a Senior Managing Director of EnCap Investments GP and RNBD and a member of RNBD. Zorich has a place of business at 1100 Louisiana, Suite 3150, Houston, Texas 77002.

16. Defendant FCW, LLC ("FCW") is a Delaware limited liability company, with its principal place of business at 1100 Louisiana, Suite 4400, Houston, Texas 77002. At all relevant times, FCW owned a membership interest in and acted as the managing member of PHAWK.

17. Defendant Floyd C. Wilson ("Wilson") is the sole manager and a controlling member of FCW. Wilson has a place of business at 1100 Louisiana, Suite 4400, Houston, Texas 77002. Wilson is the President and Chief Executive Officer of the Company and PHAWK, and the Chairman of the Board of the Company.

18. Defendant Daniel A. Rioux ("Rioux") is a director or PHAWK and the Company and has a financial interest in PHAWK. Rioux has a place of business at 175 Berkley, Boston, MA 02116.

19.     Defendant Tucker S. Bridwell ("Bridwell") is a director of the Company and has a financial interest in PHAWK.  Bridwell has a place of business at 400 Pine, Suite 1000, Abilene, Texas, 79601.

20.     Defendant James L. Irish, III ("Irish") is a director of the Company and has a financial interest in PHAWK.  Irish has a place of business at 1700 Pacific Avenue, Suite 3300, Dallas, Texas 75201.

## Jurisdiction and Venue

21.     This action is brought derivatively on behalf of Petrohawk pursuant to §16(b) of the Securities Exchange Act of 1934, as amended (the "Exchange Act"), 15 U.S.C. §78p ("§16(b)" or "Section 16(b)"), to obtain disgorgement of profits obtained by defendants in violation of that statute.  Jurisdiction of this court and venue in this district are proper pursuant to 15 U.S.C. §78(a)(a).

## The Governing Law

22.     Section 16(b) of the Exchange Act provides that if a person, while beneficially owning more than 10 percent of a class of equity securities of an issuer, purchases and sells or sells and purchases shares of any equity security of such issuer within a period of less than six months, any profits arising from those transactions are recoverable by the issuer or by a shareholder suing derivatively on its behalf.

23.     Under SEC Rule 16a-1(a)(1) promulgated under the Exchange Act, where two or more persons "act as a partnership, limited partnership, syndicate, or other group for the purpose of acquiring, holding or disposing of securities of an issuer" as set

forth in § 13(d)(3) of the Exchange Act, such persons are deemed to be a "group" for purposes of determining §16(b) liability. Under SEC Rule 16a-1, the shares held by persons in such a group are aggregated to determine whether the group has a greater than 10% beneficial ownership in the issuing corporation. If the aggregate number of shares beneficially owned by the group exceeds 10%, each member of the group is deemed to be a greater than 10% beneficial owner and is liable to disgorge profits which such group member earned in stock transactions effected within a six-month period.

24. Defendants PHAWK, EnCap IV, EnCap IV-B, EnCap IV-B Acquisitions, EnCap IV-B GP LLC, EnCap Equity, EnCap Investments, EnCap Investments GP, RNBD, Miller, Phillips, Petersen, Zorich, FCW, Wilson, Rioux, Bridwell, and Irish (collectively, the "Group Members" or "Group") constitute a group under §§ 13(d)(3) and 16(b) of the Exchange Act. The Group Members garnered short-swing profits disgorgeable to the Company in the transactions hereinafter set forth.

25. Apart from their status as Group Members, each of the Group Members was, at all relevant times, a greater than 10% beneficial owner of the Common Stock of the Company and garnered short-swing profits disgorgeable to the Company in the transactions hereinafter set forth. In addition, each of Miller, Phillips, Wilson, Rioux, Bridwell and Irish was, at all relevant times, a director of the Company and subject to §16(b).

**Background**

26. On May 25, 2004, the Company entered into a Securities Purchase Agreement with PHAWK (the "SPA"). Pursuant to the SPA, PHAWK purchased for a total purchase price of $60 million, 15,151,515 shares of Common Stock of the Company

(the "Shares"), five-year warrants to purchase 10,000,000 shares of Common Stock of the Company at an exercise price of $1.65 per share (the "Warrants"), and a five-year convertible promissory note issued by the Company in the principal amount of $35,000,000 (the "Note").   The Note had a maturity date of May 25, 2009, provided for quarterly interest payments at a rate of 8% per annum, and permitted Petrohawk to prepay the Note any time after May 25, 2006 upon 30 days written notice to PHAWK. The Note also had a conversion feature allowing PHAWK to convert the principal amount of the Note and any accrued but unpaid interest into Common Stock at any time after May 25, 2006, at a conversion price of $2 per share (representing 17,500,000 shares).  As part of the purchase transaction, PHAWK also obtained demand and piggyback registration rights from the Company.

27.     Under the terms of the SPA, PHAWK designated six of the seven members of the Board of Directors of the Company; at the closing, all of the officers and directors of the Company, except Robert C. Stone, Jr., delivered their resignations.

28.     After a one-for-two reverse stock split effected by the Company on May 26, 2004, PHAWK owned 7,575,757 shares of Common Stock, warrants to purchase 5,000,000 shares of Common Stock at an exercise price of $3.30 per share, and the Note which was convertible beginning May 25, 2006 into 8,750,000 shares of Common Stock at a conversion price of $4.00 per share (after giving effect to the one-for-two reverse stock split).  Under applicable SEC rules, PHAWK and the members of the PHAWK Group beneficially owned the 7,575,757 shares of Common Stock and the 5,000,000 shares issuable upon exercise of the Warrants, for an aggregate beneficial ownership of 12,575,757 shares.  Under applicable SEC rules, PHAWK and the members

of the PHAWK Group did not have beneficial ownership of any shares issuable upon conversion of the Note because the Note could not be converted until May 25, 2006. Based upon the Company having 13,798,778 shares outstanding, PHAWK and each member of the PHAWK Group beneficially owned 66.9% of the Company's outstanding shares as of May 26, 2004**.**

       29.    On June 3, 2004, PHAWK and the PHAWK Group (other than Rioux, Bridwell and Irish), filed a Statement on Schedule 13D (the "Schedule 13D") with the SEC reporting their beneficial ownership in the Company.  PHAWK and the members of the PHAWK Group (other than Rioux, Bridwell and Irish) joined together in reporting and filing the Schedule 13D.  In the Schedule 13D, PHAWK and each member of the PHAWK Group (other than Rioux, Bridwell and Irish) reported its 66.9% beneficial ownership in the Company.

       30.    On November 15, 2004, PHAWK and the PHAWK Group (other than Rioux, Bridwell and Irish), filed an Amendment No. 1 to Schedule 13D ("Amendment No. 1") with the SEC reporting their beneficial ownership in the Company.  Amendment No. 1 reported beneficial ownership on the part of PHAWK and each of the PHAWK Group members of at least 66.6% of the Company's outstanding common shares based upon the Company having 13,873,575 shares outstanding. Amendment No. 1 reported that Miller and Phillips had each received 8,405 shares as compensation for serving on the Company's Board of Directors, which shares had been assigned to EnCap IV.  Amendment No. 1 also reported that Wilson had received options for 150,000 shares, of which 50,000 were beneficially owned and 100,000 were unvested.

Again, PHAWK and the members of the PHAWK Group (other than Rioux, Bridwell and Irish) joined together in reporting and filing Amendment No. 1.

31.     On January 13, 2005, PHAWK filed an SEC Form 4, reporting that it had sold 1,705,000 shares on January 11, 2005 for $7.75 per share, and 68,148 shares on January 12, 2005 for $7.75 per share.  On the same date, each of EnCap IV, EnCap IV-B, EnCap Equity, EnCap Investments, EnCap Investments GP, RNBD, Miller, Phillips, Petersen, Zorich, FCW and Wilson  also filed an SEC Form 4 reporting the sale by PHAWK and confirming their status as group members with an indirect interest in the sale by PHAWK.

32.     On January 25, 2005, PHAWK and the PHAWK Group (other than Rioux, Bridwell and Irish), filed an Amendment No. 2 to Schedule 13D ("Amendment No. 2") with the SEC reporting their beneficial ownership in the Company.  Amendment No. 2 reported beneficial ownership on the part of PHAWK and each of the PHAWK Group members of at least 24.1% of the Company's outstanding shares based upon the Company having 39,788,000 shares outstanding.  Amendment No. 2 reported the sales made by PHAWK on January 11 and 12, 2005.  Again, each of PHAWK and the members of the PHAWK Group (other than Rioux, Bridwell and Irish) joined together in reporting and filing Amendment No. 2.

33.     On February 1, 2005, PHAWK filed an SEC Form 4, reporting that it had sold 726,852 shares on January 28, 2005 for $8.25 per share.  On the same date, each of EnCap IV, EnCap IV-B, EnCap Equity, EnCap Investments, EnCap Investments GP, RNBD, Miller, Phillips, Petersen, Zorich, FCW and Wilson also filed an SEC Form

4 reporting the sale by PHAWK and confirming their status as group members with an indirect interest in the sale by PHAWK.

34.      On February 2, 2005, PHAWK and the PHAWK Group (other than Rioux, Bridwell and Irish), filed an Amendment No. 3 to Schedule 13D ("Amendment No. 3") with the SEC reporting their beneficial ownership in the Company.  Amendment No. 3 reported beneficial ownership on the part of PHAWK and each of the PHAWK Group members of at least 22.5% of the Company's outstanding shares based upon the Company having 39,788,000 shares outstanding.  Amendment No. 3 gave effect to the sale made by PHAWK on January 28, 2005, but did not properly report the sale in Amendment No. 3.  Again, PHAWK and the members of the PHAWK Group (other than Rioux, Bridwell and Irish) joined together in reporting and filing Amendment No. 3.

35.      On March 21, 2005, PHAWK and the PHAWK Group (other than Rioux, Bridwell and Irish), filed an Amendment No. 4 to Schedule 13D ("Amendment No. 4") with the SEC reporting their beneficial ownership in the Company.  Amendment No. 4 reported beneficial ownership on the part of PHAWK and each of the PHAWK Group members of at least 22.5% of the Company's outstanding shares based upon the Company having 39,788,000 shares outstanding.  Amendment No. 4 reported that PHAWK had made the determination to sell, in market transactions, up to 1,830,000 shares of the Company.  Again, PHAWK and the members of the PHAWK Group (other than Rioux, Bridwell and Irish) joined together in reporting and filing Amendment No. 4.

36.      On April 4, 2005, PHAWK filed an SEC Form 4, reporting that it had sold 1,830,000 shares on March 31, 2005 for $9.75 per share.  On the same date, each of EnCap IV, EnCap IV-B, EnCap Equity, EnCap Investments, EnCap Investments

GP, RNBD, Miller, Phillips, Petersen, Zorich, FCW and Wilson also filed an SEC Form 4 reporting the sale by PHAWK and confirming their status as group members with an indirect interest in the sale by PHAWK.

37.     On April 12, 2005, PHAWK and the PHAWK Group (other than Rioux, Bridwell and Irish), filed an Amendment No. 5 to Schedule 13D ("Amendment No. 5") with the SEC reporting their beneficial ownership in the Company. Amendment No. 5 reported beneficial ownership on the part of PHAWK and each of the PHAWK Group members of at least 18.3% of the Company's outstanding shares based upon the Company having 40,087,954 shares outstanding. Amendment No. 5 reported the sale made by PHAWK on March 31, 2005 and that the Company had granted an additional 175,000 options to Wilson, of which 58,333 had vested and were beneficially owned by Wilson. Again, PHAWK and the members of the PHAWK Group (other than Rioux, Bridwell and Irish) joined together in reporting and filing Amendment No. 5.

38.     On July 5, 2005, the Company filed a Current Report on Form 8-K (the "Form 8-K") with the SEC to report the execution of an Agreement to Amend Note, dated June 30, 2005, with PHAWK (the "Amendment Agreement"). Pursuant to the Amendment Agreement, Petrohawk agreed to amend the convertible Note issued by the Company to PHAWK in connection with the SPA. As set forth above, the Note, which was unsecured, had a conversion price of $4.00 per share (representing 8,750,000 shares of the Company's Common Stock)(after giving effect to the a one-for-two reverse stock split effected by the Company on May 26, 2004), bore interest at an annual rate of 8%, and provided for a maturity date of May 25, 2009. The terms of the Note specified that the Note was not convertible until May 25, 2006.

39.     Under the Amendment Agreement, the Company agreed to amend the Note, to allow for its conversion on June 30, 2005 into 8,750,000 shares of Petrohawk Common Stock, and to pay a premium to PHAWK in the amount of $2,410,621.73, representing the interest that would have been payable under the Note, discounted by 10 percent.   In its Form 8-K, the Company stated as follows:

> "A Special Committee of one disinterested director, Mr. Robert C. Stone, Jr., was formed by Petrohawk's board of directors to evaluate and approve or disapprove of Petrohawk's entry into the Agreement due to certain officers and directors of Petrohawk owning interests in PHAWK. On June 30, 2005, the Special Committee concluded its evaluation and determined that it was in Petrohawk's best interests to enter into the Agreement. Accordingly, on that same date, the Special Committee approved Petrohawk's entry into the Agreement."

> "Messrs. David B. Miller, D. Martin Phillips, Daniel A. Rioux, Tucker S. Bridwell, James L. Irish, III, and Floyd C. Wilson, six of the seven current directors of Petrohawk, have interests in PHAWK. Mr. Wilson, Chairman of the Board, President and Chief Executive Officer of Petrohawk is also President and Chief Executive Officer of PHAWK. Messrs. Miller and Phillips, both directors of Petrohawk, are also directors of PHAWK. Each of Messrs. Bridwell and Irish has made less than a 0.2% capital contribution each to PHAWK, but does not hold any directorship or office in PHAWK and is not otherwise affiliated with PHAWK. Mr. Rioux is also a director of PHAWK."

The Form 8-K did not disclose the basis for the Special Committee's determination that the Amendment Agreement was in the Company's best interests.  The Form 8-K also failed to disclose how it determined the value of the Note as of June 30, 2005, for purposes of its exchange by PHAWK for 8,750,000 shares of the Company's Common Stock.

## **Valuation of the Purchase Transaction**

40.     The measure of short-swing profits to be disgorged pursuant to

' 16(b) is ordinarily based upon the difference between the price paid by the insider for

the issuer=s stock and the proceeds received for the stock upon the sale within a six-

month period. Where the consideration paid for the stock is other than cash, the

consideration must be valued to determine if there is a profit and, if so, the amount of the

profit.

41.     Here, PHAWK exchanged the Note in the amount of $35,000,000

for 8,750,000 shares of Petrohawk Common Stock.   The Company agreed to accelerate

the conversion date for the Note from May 25, 2006 to June 30, 2005, and pay a cash

premium to PHAWK in the amount of $2,410,621.73.

42.     As of June 30, 2005, Petrohawk's business was operating at a

substantial loss.   In a Form 10-Q for the quarter ended June 30, 2005, filed with the SEC

on August 11, 2005 (the "Form 10-Q"), the Company reported a net loss from its

operating activities for the first half of 2005 of $16.5 million, as compared to a loss of

$381,000 for the comparable period in 2004.    The Form 10-Q further reported that a

substantial part of the Company's cash flow resulted from funds obtained from its

investments as distinct from its business operations.

43.     In or about the time of the purchase by PHAWK, the market price

for Company's Common Stock had shown considerable volatility.  For the period

January 1 to June 30, 2005, the price of the Common Stock varied in the range of $7.65

to $11.53.   For the sixty trading days preceding PHAWK's June 30, 2005 purchase,

Petrohawk's Common Stock traded at average price of $9.51 per share.

44.     Upon information and belief, the value of the Note on June 30, 2005, was substantially less than the market price of the 8,750,000 shares of Petrohawk Common Stock, and the cash premium which PHAWK received in exchange for the Note.

45.     On June 30, 2005, Petrohawk's Common Stock had a closing price on the NASDAQ stock exchange of $10.80, and total trading volume for the day of 249,000 shares.   PHAWK received a cash consideration for retirement of the Note in the amount of $2,410,621.73, or $0.275 per share.  Accordingly, PHAWK's purchase price for exchange of the Note for 8,750,000 shares of Common Stock is no more than $10.525 per share, or such lower valuation as may be determined upon valuation of the Note.

46.     On July 5, 2005, PHAWK filed an SEC Form 4, reporting that it purchased 8,750,000 shares on June 30, 2005.  The Form 4 reported that PHAWK had acquired the shares from the simultaneous amendment and conversion of the Note.  On the same date, each of EnCap IV, EnCap IV-B, EnCap Equity, EnCap Investments, EnCap Investments GP, RNBD, Miller, Phillips, Petersen, Zorich, FCW and Wilson filed an SEC Form 4 reporting the purchase by PHAWK and confirming their status as group members with an indirect interest in the purchase by PHAWK.

47.     Following PHAWK's purchase of 8,750,000 shares through the simultaneous amendment and conversion of the Note, PHAWK beneficially owned 16,995,757 shares of the Company.  Accordingly, PHAWK and each member of the PHAWK group had beneficial ownership of at least 37.7% of the Company's outstanding shares based upon the Company having 40,087,954 shares outstanding.  As a result of the amendment and conversion of the Note, the beneficial ownership of PHAWK and each

member of the PHAWK Group had increased by almost 20%.  Although this transaction resulted in a material increase in their beneficial ownership of the Company's Common Stock, PHAWK and the PHAWK Group failed to file an amendment to their Schedule 13D to report this transaction.

48.     At some time between July 5, 2005 and July 8, 2005, EnCap IV-B restructured its beneficial ownership in the Company.  EnCap IV-B's membership interest in PHAWK was transferred to EnCap IV-B Acquisitions.  As a result, EnCap IV-B Acquisition and EnCap IV-B GP LLC became members of the PHAWK Group and greater than 10% beneficial owners of the Company.   In violation of Section 16(a) of the Exchange Act,  EnCap IV-B Acquisitions and EnCap IV-B GP LLC failed to file Form 3 Reports with the SEC to report their status as members of the PHAWK Group and beneficial ownership of the Company's equity securities.

49.     On July 19, 2005, PHAWK and the PHAWK Group (other than Rioux, Bridwell and Irish), filed an Amendment No. 6 to Schedule 13D ("Amendment No. 6") with the SEC reporting their beneficial ownership in the Company.  Amendment No. 6 reported that PHAWK no longer had any beneficial ownership of shares of the Company and reported differing beneficial ownership figures on the part of the members of the PHAWK Group.  Again, each of PHAWK and the members of the PHAWK Group (other than Rioux, Bridwell and Irish) joined together in reporting and filing Amendment No. 6.  In Amendment No. 6, each of EnCap IV-B Acquisitions and EnCap IV-B GP LLC reported their status as members of the PHAWK Group.  The transactions reported in Amendment No. 6 are as follows:

- Amendment No. 6 reported the simultaneous amendment and conversion of the Note.  The amendment and conversion were effected pursuant to the Amendment Agreement,  dated June 30, 2005 between the Company and PHAWK.  Pursuant to the Amendment Agreement, the Note was amended to allow for its immediate conversion, PHAWK converted the Note into 8,750,000 shares of the Company, and the Company paid PHAWK $2,410,621.73.  Wilson executed the Amendment Agreement on behalf of the Company, as its President and Chief Executive Officer, and on behalf of PHAWK, as its President and Chief Executive Officer.

- Amendment No. 6 also reported that PHAWK and its members, including the PHAWK Group, had entered into a Class A Common Unit Redemption Agreement and Third Amendment to Amended and Restated Limited Liability Company Agreement, dated July 8, 2005 (the "Redemption Agreement").  Pursuant to the Redemption Agreement, PHAWK distributed to its members all of the shares and warrants to purchase shares of the Company that it owned.  The Redemption Agreement also included other agreements among PHAWK's members concerning allocations for distributing the Company's shares and warrants and the assignment of PHAWK's demand and piggyback registration rights among its members.  The Redemption Agreement makes reference to prior agreements among the members of PHAWK, but PHAWK failed to file these agreements, as required by §13(d) of the Exchange Act and the rules promulgated thereunder.

- At the time of the Redemption Agreement, PHAWK owned 11,995,757 shares and warrants to purchase an additional 5,000,000 shares of the Company. Pursuant to the terms of the Redemption Agreement, the following distributions were made:

| Group Member: | Shares: | Warrants: |
|---|---|---|
| Encap IV | 3,173,459 | 1,552,442 |
| Encap IV-B Acquisitions | 1,482,437 | 725,206 |
| FCW | 3,656,349 | 1,778,681 |
| Bridwell | 23,462 | 5,947 |
| Irish | 23,462 | 5,947 |

- The Redemption Agreement also provided for FCW to assign its membership interest in PHAWK to FCW's members. Thus, FCW distributed the Petrohawk shares and warrants that it received to its members. As a result, Wilson received 2,477,538 shares and 1,174,195 warrants.

     50.     On July 19, 2005, PHAWK filed a Report on Form 4, reporting that, on July 15, 2005, it had distributed to its members 11,995,797 shares and warrants to purchase 5,000,000 shares of the Company.

     51.     On September 20, 2005, Miller and Phillips each filed an SEC Form 4, reporting that EnCap IV and EnCap IV Acquisitions had, on August 31, 2005, exercised warrants for 2,277,658 shares of the Company and had acquired 1,635,241 shares through the cashless exercise of such warrants. The Form 4's further reported that, on September 16, 2005, EnCap IV and EnCap IV Acquisitions had sold an aggregate of 3,000,000 shares at a price per share of $12.68. In violation of the Sarbanes-Oxley Act of

2002 and the SEC's rules under Section 16(a), Miller and Phillips filed their Form 4

Reports on September 20, 2005, even though they were required to file Form 4 Reports

reporting the warrant exercise no later than September 2, 2005.


### Defendants' Group Activities

52.     The Group members acted in concert as a group with respect to

their collective investment in the Company.  Under prevailing authority, the Group

members constitute a group for purposes of Sections 13(d)(3) and 16(b) under the

Exchange Act.  The Group members used PHAWK as their investment vehicle for their

investment in the Company; the Group members joined in the filing of the Schedule 13D

and Amendments Nos. 1 through 7; the Group members reported their beneficial

ownership on Form 4's reflecting their group status; the Group members were party to a

limited liability company agreement governing their collective investment in the

Company; and the Group members amended their limited liability company agreement at

various times to adjust and modify their respective beneficial interests and economic

rights with respect to their collective investment in the Company.  Through their

collective ownership position in the Company, the PHAWK Group appointed six out of

seven directors of the Company and, thereby dominated the activities of the Company

and controlled the Company in extracting an early conversion of the Note that afforded

the Group the opportunity to reap tens of millions of dollars of short-swing profits.

**Speculative Abuse**

53.     The transactions in the instant case present the template for speculative abuse that Section 16(b) was designed to prevent.  Here, controlling shareholders, who controlled the Board of Directors, caused a public company to permit early conversion of a Note that afforded the insiders the opportunity to reap tens of millions of dollars of short-swing profits.  This transaction enabled PHAWK to lock in short-swing profits without regard to market risks associated with the Company's financial performance.  No credible fairness opinion or valuation was obtained as part of the transaction.  The transaction was approved by a "Special Committee" of one director. Since the Board was controlled by and designated by PHAWK, there were no independent or disinterested directors that reviewed the transaction.

54.     This transaction clearly lends itself to the speculative abuse which Section 16(b) of the Exchange Act was designed to prevent, especially because insiders controlled the transaction.  *See Shattuck Denn Mining Corp. v. La Morte*, 1974 U.S. Dist. LEXIS 9621, *4-5 (S.D.N.Y. 1974).  Therefore, considerable latitude is permitted a plaintiff for purposes of a valuation of shares in an exchange transaction under the Exchange Act, and once a plaintiff makes a prima-facie showing of a valuation to maximize profits, the burden shifts to the defendants to prove the extent to which plaintiff=s valuation and determination of profits is incorrect.  *Lewis v. Nadaline*, 1974 U.S. Dist. LEXIS 8231, *6 (S.D.N.Y. 1974).

## As and For a First Claim For Relief

55.     Plaintiff repeats and realleges each of the allegations contained in paragraphs 1 through 54 as if fully set forth herein.

56.     At all relevant times, each of EnCap IV, EnCap IV-B, EnCap IV-B Acquisitions, EnCap IV-B GP LLC, EnCap Equity, EnCap Investments, EnCap Investments GP, RNBD, Miller, Phillips, Petersen and Zorich (collectively, the "EnCap Entities") was a greater than 10% beneficial owner of the Company's Common Stock.

57.     As a result of the Amendment Agreement, on June 30, 2005, PHAWK purchased 8,750,000 shares of Common Stock.  The purchase price paid by PHAWK was the value of the Note exchanged by PHAWK for these shares.

58.     Upon information and belief, PHAWK's purchase price for the 8,750,000 shares of Common Stock acquired in the Note exchange transaction is no more than $10.525 per share, and believed to be substantially less, than the market price for the Company's Common Stock on June 30, 2005, adjusted to reflect the premium cash payment received by PHAWK for the Note.

59.     As a result of the EnCap Entities' ownership interests and control of PHAWK, the EnCap Entities are deemed to have purchased a portion of the 8,750,000 shares purchased by PHAWK based upon the respective pecuniary interests of the EnCap Entities.

60.     Based upon the Redemption Agreement, EnCap IV had a pecuniary interest of 48.34%, and EnCap IV-B Acquisitions had a pecuniary interest of 22.58%.  Accordingly, EnCap IV is deemed to have purchased 4,229,750 shares and

EnCap IV-B Acquisitions is deemed to have purchased 1,975,750 shares of the 8,750,000 shares purchased by PHAWK on June 30, 2005.

61.     On September 16, 2005, EnCap IV sold 2,044,059 shares at a price per share of $12.68 and EnCap IV-B Acquisitions sold 955,941 shares at the same price per share.

62.     As a result of the aforementioned purchase and sales, EnCap IV realized short-swing profits of at least $4,404,947.15 and EnCap IV-B Acquisitions realized short-swing profits of at least $2,060,052.86, which must be disgorged to the Company as required by Section 16(b) of the Exchange Act.

63.     In addition, each of the other EnCap Entities is liable for short-swing profits from the purchases and sales made by EnCap IV and EnCap IV-B Acquisitions to the extent of their respective pecuniary interests.

### As and For a Second Claim For Relief

64.     Plaintiff repeats and realleges each of the allegations contained in paragraphs 1 through 63 as if fully set forth herein.

65.     At all relevant times, PHAWK owned in excess of 10% of the Company's outstanding Common Stock.

66.     As a result of the Amendment Agreement, PHAWK purchased 8,750,000 shares of Common Stock on June 30, 2005 at price which must determined by valuation of the Note.

67.    PHAWK sold an aggregate of 4,330,000 shares on January 11, 2005, January 12, 2005, January 28, 2005 and March 31, 2005 at prices ranging from $7.75 to $9.75 per share.

68.    Upon information and belief, PHAWK and its Group members realized short-swing profits derived from the matching of their June 30, 2005 purchase of 8,750,000 shares with foregoing sales of Common Stock.

### As and For a Third Claim For Relief

69.    Plaintiff repeats and realleges each of the allegations contained in paragraphs 1 through 68 as if fully set forth herein.

70.    Other members of the PHAWK Group may have made additional purchases and sales of Company Common Stock which may lead to additional profits as to which plaintiff is now unaware, and must be disgorged to the Company.

### Allegations As To Demand

71.    On August 1, 2005, plaintiff made demand upon Petrohawk to commence this lawsuit.  In a letter dated September 29, 2005, the Company declined to pursue the claims asserted herein.

**WHEREFORE**, plaintiff demands judgment on behalf of Petrohawk

Energy Corporation against defendants, as described above, plus attorneys' fees, interest

and such other and further relief as to the Court may seem just and proper.

Dated: New York, New York
       October 31, 2005

Yours, etc.

BRAGAR WEXLER EAGEL &
  MORGENSTERN, P.C.

885 Third Avenue
New York, New York 10022
(212) 308-5858

OSTRAGER CHONG FLAHERTY
  & BROITMAN P.C.

By: _____
    Glenn F. Ostrager (GO-2023)

250 Park Avenue, Suite 825
New York, New York 10177-0899

Attorneys for Plaintiff